UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JEROME WASHINGTON,

         Plaintiff,
 v.                       9:18-CV-1121
                             (BKS/CFH)

JUSTIN THOMAS, Superintendent,
Marcy Correctional Facility, *et al.*,

         Defendants.

---

APPEARANCES:

JEROME WASHINGTON
Plaintiff, pro se
18-A-0985
Wende Correctional Facility
P.O. Box 1187
Alden, NY 14004

BRENDA K. SANNES
United States District Judge

## DECISION AND ORDER

## I. INTRODUCTION

Pro se plaintiff Jerome Washington ("Plaintiff") commenced this action by filing a civil rights Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), with a request for leave to proceed in forma pauperis. Dkt. No. 5 ("Compl."), Dkt. No. 10 ("IFP Application"). By Decision and Order of this Court filed November 16, 2018 (the "November 2018 Order"), the Court granted Plaintiff's IFP application and reviewed the sufficiency of the Complaint in accordance with 28

1

U.S.C. § 1915(e) and 28 U.S.C. § 1915A. *See* Dkt. No. 14. On the basis of that review, the Court dismissed the following claims, without prejudice: (1) claims against Lieutenant W. Carter and Nurse Whitaker; (2) Eighth Amendment deliberate medical indifference claims against John/Jane Doe; (3) Eighth Amendment claim against Nurse Daughtery; (4) Fourteenth Amendment claims related to Plaintiff's personal property; and (5) claims for injunctive relief.[1] *Id*. at 22. The Court directed Defendants to respond to the following claims: (1) Eighth Amendment conditions-of-confinement claims against Sergeant Wells, Correction Officer Mills, Sergeant Kirkpat, Correction Officer Mayo ("Mayo"), Correction Officer Coles, Correction Officer Dunn, Sergeant Brown, and Banks; and (2) First Amendment claims against Superintendent Justin Thomas, Deputy of Security Ms. Collins, and First Deputy Donahue. *Id*.

On November 20, 2018, Plaintiff was advised that eleven (11) copies of his Complaint and eleven (11) completed and signed USM-285 forms were required to be provided to the Court by December 31, 2018 in order for the US Marshals Service to effectuate service of process upon the named defendants in this action. Dkt. No. 15. On January 18, 2019, having not received a response from Plaintiff, the Court issued an Order affording Plaintiff another opportunity to submit the required copies of his Complaint, together with the USM-285 forms. Dkt. No. 18. Plaintiff was directed to respond on or before February 28, 2019. *Id*.

On May 15, 2019, the Court conducted a sua sponte search of the New York State

---

[1] The Court dismissed Plaintiff's claims for money damages pursuant to Section 1983 against defendants in their official capacity and RLUIPA claims for monetary damages against defendants, with prejudice. Dkt. No. 14 at 22.

2

Department of Correction and Community Supervision's ("DOCCS") Inmate Information Database and discovered that Plaintiff was transferred from Auburn Correctional Facility to Green Haven Correctional Facility. Dkt. No. 19. The Court issued an Order advising Plaintiff that he must file a change of address, and continue to submit any address changes to the Court as long as his action is pending. *Id*. In light of Plaintiff's relocation, he was afforded a thirty (30) day extension to comply with the Court's prior Orders. *Id.*

On July 22, 2019, the Court conducted another sua sponte search of DOCCS' Inmate Information Database and discovered that Plaintiff was transferred to Great Meadow Correctional Facility. Dkt. No. 20. The Court issued an Order reiterating Plaintiff's obligation to update his address and, in light of Plaintiff's relocation, he was afforded one final extension to comply with the Court's prior Orders. *Id*.

On August 21, 2019 and October 17, 2019, Plaintiff filed a Notice of Change of Address with a motion seeking copies of the documents necessary for service. Dkt. Nos. 21 and 23. On August 29, 2019 and October 23, 2019, the Court issued Orders directing the Clerk to provide Plaintiff with eleven (11) blank USM-285 forms, along with a copy of the Complaint. Dkt. Nos. 22 and 24. Plaintiff was advised that his failure to provide the Court with the documents required for service within thirty (30) days may result in dismissal of this action without prejudice pursuant to Rule 41.2 of the Northern District of New York's Local Rules of Practice. *Id*.

In lieu of providing the documents for service, Plaintiff filed a document on November 25, 2019 that the Court construed as an Amended Complaint. Dkt. Nos. 25, 27, and 28 ("Am Compl.").

## II.     REVIEW OF THE AMENDED COMPLAINT[2]

### A.     Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the November 2018 Order and it will not be restated in this Decision and Order.  *See* Dkt. No. 14 at 3-5.

### B.     Summary of Amendment Complaint[3]

From August 17, 2018 until August 23, 2018, Plaintiff was denied six meals by defendants Corrections Officers G. Mayo ("Mayo"), S. Banks ("Banks"), D. Coles ("Coles"), Dunn ("Dunn"), Sergeant Wells ("Wells"), and Sergeant Brown ("Brown"). Am. Compl. at 2; Dkt. No. 5-1 at 2, 4.  From August 21, 2018 until September 10, 2018, Plaintiff reported to Defendants that the toilet in his cell was not operational.  Am. Compl. at 2; Dkt. No. 5-1 at 4.  Additionally, Defendants refused to allow Plaintiff to participate in one-hour of recreation time.  *Id.*

Plaintiff submitted a sick call request for complaints of chest pains to John/Jane Doe, but his request was ignored.  Am. Compl. at 2; Dkt. No. 5-1 at 4.

Plaintiff is a member of the "Nation of Gods & Earth" which is also known as "Five Percenters."  Am. Compl. at 1; Dkt. No. 5-1 at 6.  Officials at Marcy Correctional Facility

---

[2]     While the pleading does not contain a list of parties, the defendants are referenced in the body of the submission.  In light of Plaintiff's pro se status, and taking into account Plaintiff's recent relocation(s), the Court accepted the submission as an Amended Complaint.  Dkt. No. 27.  Upon review of the submission, Plaintiff incorporates, by reference, the exhibits annexed to the Complaint (Dkt. No. 5-1).  Accordingly, the Clerk of the Court is directed to attach Dkt. No. 5-1 to Dkt. No. 28.  This pleading is deemed the operative pleading and will be reviewed herein.

[3]     The Amended Complaint does not include any claims against Mills or Kirkpat.  Accordingly, the Clerk of the Court is directed to dismiss these individuals as defendants herein.

("Marcy C.F.") would not allow the "Five Percenter" newspaper[4] in the law libraries. Am. Compl. at 1; Dkt. No. 5-1 at 1, 2, 6.

As relief, Plaintiff seeks compensatory damages. Am. Compl. at 5.

Construing the Amended Complaint liberally, Plaintiff asserts the following claims: (1) Eighth Amendment conditions of confinement claims; (2) Eighth Amendment deliberate medical indifference claims; (3) RLUIPA claims; and (4) First Amendment claims.[5] *See generally*, Am. Compl.

**C. Analysis**

**1. Prior Claims**

As a result of the review of the original Complaint, the Court directed Wells, Mayo, Coles, Dunn, Brown, and Banks to respond to Plaintiff's Eighth Amendment conditions-of-confinement claims. *See* Dkt. No. 14 at 14. The Court also directed a response to Plaintiff's free exercise claims against Thomas, Collins, and Donahue. *See id.* at 20. These claims are repeated and realleged in the Amended Complaint and thus, survive review as well.

**2. Deliberate Medical Indifference**

The law related to Eighth Amendment deliberate medical indifference claims was discussed in the November 2018 Order and will not be restated herein. *See* Dkt. No. 14 at 14-15.

---

[4]  " 'The Five Percenter' is a newspaper published each month by the Allah Youth Center." *See Marria v. Broaddus,* 200 F.Supp.2d 280, 284 (S.D.N.Y. 2002).

[5]  Plaintiff did not attempt to replead the following claims: (1) claims against Lieutenant W. Carter and Nurse Whitaker; (2) Eighth Amendment claim against Nurse Daughtery; (3) Fourteenth Amendment claims related to Plaintiff's personal property; and (4) claims for injunctive relief.

As discussed at length in the November 2018 Order, the Court concluded that Plaintiff's deliberate medical indifference claim against John/Jane Doe did not survive initial review because (i) the Complaint alleged no facts which would allow the Court to determine that Plaintiff suffered from a medical condition that satisfied the objective prong; and (ii) Plaintiff failed to plead facts suggesting that any defendant culpably and deliberately disregarded his medical needs. *See* Dkt. No. 14 at 15.

Upon review of the Amended Complaint, the Court finds that Plaintiff has failed to remedy the pleading deficiencies identified in the November 2018 Order. The Amended Complaint includes no new factual allegations against Defendants; indeed, the allegations are substantially the same as those in the Complaint reviewed in the November 2018 Order.

### 3. RLUIPA Claims

Plaintiff asserts RLUIPA claims, for monetary damages, against Defendants. Dkt. No. 28 at 2. In the November 2018 Order, the Court dismissed Plaintiff's RLUIPA claims for monetary damages against Defendants, with prejudice. Dkt. No. 14 at 20-21. Accordingly, these claims are dismissed.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Amended Complaint (Dkt. No. 28) is accepted for filing and is deemed the operative pleading; and it is further

**ORDERED** that the Clerk of the Court shall attach Dkt. No. 5-1 to Dkt. No. 28; and it is further

**ORDERED** that the following claims are **DISMISSED** pursuant to 28 U.S.C. §

1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted: (1) RLUIPA claims; (2) Eighth Amendment deliberate medical indifference claims; it is further

**ORDERED** that the following claims survive the Court's sua sponte review under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) and require a response: (1) Eighth Amendment conditions-of-confinement claims against Wells, Mayo, Coles, Dunn, Brown, and Banks; and (2) First Amendment claims against Thomas, Collins, and Donahue and it is further

**ORDERED** that Mills and Kirkpat are **DISMISSED** as defendants herein; and it is further

**ORDERED** that the Clerk shall issue summonses and forward them, along with copies of the Amended Complaint, to the United States Marshal for service upon Defendants. The Clerk shall forward a copy of the summonses and Amended Complaint to the Office of the Attorney General, together with a copy of this Decision and Order[6]; and it is further

**ORDERED** that a response to the Amended Complaint be filed by the remaining defendants, or counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or**

---

[6] In the January Order, the Clerk of the Court was directed to retain the documents filed at Dkt. No. 25 at 3-8, 12-25 as copies for service upon defendants, if necessary. Dkt. No. 27.

**the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.** Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

    **ORDERED** that the Clerk provide Plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

    **ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

    Dated: February 10, 2020

Brenda K. Sannes
U.S. District Judge