**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

JEROME WASHINGTON,

                                        Plaintiff,

        v.                                                                  No. 9:18-CV-1121
                                                                            (BKS/CFH)

JUSTIN THOMAS, Superintendent, Marcy
Correctional Facility, et al.,

                                        Defendants.

_____

**APPEARANCES:**                                  **OF COUNSEL:**

Jerome Washington
18-A-0985
Wende Correctional Facility
P.O. Box 1187
Alden, NY 14004
Plaintiff pro se

Attorney General for the                          DENISE P. BUCKLEY, ESQ.
State of New York                                 Assistant Attorney General
The Capitol
Albany, New York 12224-0341
Attorney for Defendants

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

        Plaintiff pro se Jerome Washington, an inmate who was, at all relevant times, in

the custody of the New York State Department of Corrections and Community

Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983 against

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28
U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

defendants, nine DOCCS employees, for their alleged interference with plaintiff's rights arising under the First and Eighth Amendments.  See Dkt. No. 5-1, 28.  Defendants have moved pre-answer, pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FED. R. CIV. P."), for summary judgment, arguing that plaintiff is precluded from pursuing his claims as a result of his failure to exhaust available administrative remedies prior to filing this lawsuit.  See Dkt. No. 41.  Alternatively, defendants argue that, pursuant to FED. R. CIV. P. 12(b)(6), the amended complaint must be dismissed due to plaintiff's failure to state a claim upon which relief may be granted. See id.

Although plaintiff was granted several opportunities to file papers in opposition to defendants' pending motion, he has not responded.  See Dkt. No. 42-45.  For the reasons that follow, it is recommended that defendants' motion be granted and that plaintiff's amended complaint be dismissed.

## I.  Background

### A.  Facts[2]

---

[2]  In support of their motion for summary judgment, defendants filed a Statement of Material Facts in compliance with N.D.N.Y.L.R. 7.1(a)(3).  See Dkt. No. 41-4.  Defendants also filed and served a document titled "Notification of the Consequences of Failing to Respond to a Summary Judgment Motion," which states, "WARNING: If you do not submit a proper response to the defendants' statement of material facts, **the Court may deem you to have admitted the defendants' factual statements**." Dkt. No. 41-1 at 1 (emphasis in original).  In addition, defendants expressly advised plaintiff of the consequences of failing to file a proper response to the motion. See id. ("If you do not file a proper response to this motion, the Court may grant the motion **and dismiss some or all of your claims**." (emphasis in original)).

As noted supra, plaintiff did not file a response to the motion despite the Court granting plaintiff two extensions in which to do so.  See Dkt. Nos. 43-45.  Notwithstanding plaintiff's pro se status, the Court will "follow the practice of enforcing [N.D.N.Y.]L.R. 7.1(a)(3) and accept the facts set forth in [d]efendant['s] Material Statement of Facts as uncontroverted to the extent those facts are supported by record evidence."  Richard v. LeClaire, 9:15-CV-0006 (BKS/TWD), 2019 WL 5197041, at *4 (N.D.N.Y. May 6, 2019).

In his amended pleading, plaintiff sets forth a number of allegations, which occurred during that time that he was confined to the Residential Mental Health Unit at the Marcy Correctional Facility ("Marcy C.F.") in Marcy, New York.  See Dkt. Nos. 5-1, 28.  Plaintiff was transferred into the facility on August 14, 2018 and transferred out of the facility on October 30, 2018.  See Dkt. No. 41-3 at 5, 8.

As limited by the Court's initial review, see Dkt. No. 14, plaintiff alleges that defendants Wells, Mayo, Coles, Dunn, Brown, and Banks—all corrections officers stationed at Marcy C.F.—refused to provide six meals over the course of several days, ignored his complaints regarding a broken toilet that resulted in the accumulation of human waste in his cell, and deprived him of recreation time in violation of his Eighth Amendment rights.  See Dkt. Nos. Dkt. Nos. 5-1, 28.  Plaintiff also alleges that defendants Thomas, Collins, Donahue—supervisory personnel at Marcy C.F.—refused to maintain copies of the Five Percenter[3] newspaper in violation of his rights arising under the First Amendment.  See Dkt. Nos. Dkt. Nos. 5-1, 28.

## B.  Plaintiff's Grievances

In support of their motion for summary judgment, defendants have submitted, inter alia, the declarations of Erin Pfendler, the Inmate Grievance Program ("IGP") supervisor at Marcy C.F., and Rachel Sequin, the Assistant Director of the IGP.  See Dkt. Nos. 41-2, 41-3.  According to Ms. Pfendler, "Marcy [C.F.] currently has and at all times relevant to this litigation had a fully functional IGP available for inmates to file

---

[3]  As Judge Sannes observed in her Decision and Order dated November 16, 2018, "[t]he 'Five Percenters' is 'a quasi-religious sect descended from the Nation of Islam.'"  Dkt. No. 14 at 19 (quoting Buford v. Coombe, 199 F.3d 1321 (2d Cir. 1999)).

grievances." Dkt. No. 41-3 at 2. According to the records maintained by Ms. Pfendler's

office, plaintiff filed two grievances during the time that he was confined to the Marcy

C.F. See Dkt. No. 41-3 at 5; see also Dkt. No. 41-3 at 10-15 (Grievance No. MCY-

23415-18), Dkt. No. 41-3 at 16-21 (Grievance No. MCY-23415-18).

In the first grievance, which was dated August 30, 2018 and stamped as having

been received by the Inmate Grievance Review Committee ("IGRC") on September 5,

2018, plaintiff generally alleged that he was being denied access to programs and

recreation. See Dkt. No. 41-3 at 13; see also id. at 15 (IGRC Acknowledgment of

Receipt). On October 1, 2018, the IGRC rendered a determination, which deemed

plaintiff's grievance "satisfied," stating:

> Having received and reviewed the investigation report . . .
> indicating that [plaintiff] was on a shield order thereby
> making it hard for him to hear the gallery announcements,
> this includes the start and finish of evening recreation.
> [Plaintiff] has since been removed from a shield order and
> has been opening his recreation door upon announcement.
> As for programs, he was never denied participation in
> programs. [Plaintiff] was willfully refusing to attend programs.
> This has also ceased as he is now attending programs on a
> fairly regular basis. Based upon the above investigation, the
> [IGRC] deems this matter satisfied to the best of the
> [plaintiff]'s and facility's ability at this time.

Id. at 11;[4] see also id. at 14. Plaintiff did not file an appeal to the facility superintendent

nor did he file an appeal to the DOCCS's Central Office Review Committee ("CORC").

See id. at 5, Dkt. No. 41-2 at 4, 6.

In plaintiff's second grievance, which was dated September 5, 2018 and stamped

as having been received by the IGRC on September 7, 2018, plaintiff complained that

---

[4] "A cell shield is a transparent cell front covering, equipped to provide adequate ventilation" and may be order placed on an inmate's cell upon "good cause[.]" 7 N.Y. COMP. CODES R. & REGS. § 305.6(a), (b).

he wanted to be served more peanut butter as part of the Kosher diet.  See Dkt. No. 41-3 at 17; see also id. at 21 (IGRC Acknowledgment of Receipt).  On September 14, 2018, the IGRC rendered a determination denying plaintiff's grievance, stating:

> Having received and reviewed the investigation report returned by the Food Service Administrator indicating that grievant is correct, the messhall does serve peanut butter every Wednesday.  The Kosher menu only has peanut butter on it once a week.  The messhall has to follow the [statewide] [K]osher menu.  Per the investigation report stating that the messhall has to follow the [statewide] menu published by Central Office, the [IGRC] has to deny this grievance.

Id. at 18; see also id. at 20 ("The [K]osher menu only has peanut butter on it once a week. We have to follow the state wide [K]osher menu.").  Plaintiff did not file an appeal to the facility's superintendent.  See id. at 6.  In addition, plaintiff did not file an appeal to the CORC.  See id. at 6, Dkt. No. 41-2 at 4, 6.


## C.  Procedural History

Plaintiff commenced this action on September 13, 2018 with the filing of a pro se civil rights complaint.[5]  See Dkt. Nos. 1, 5, 9.  Following an initial review of the operative pleading, the Court permitted certain claims to proceed, while plaintiff's claims were dismissed.  See Dkt. No. 14 at 22.  Prior to service of the complaint, plaintiff filed an amended complaint on January 28, 2020.  See Dkt. No. 28.  Upon initial review, District

---

[5]  Under the "prison mailbox rule," the date of filing is generally presumed to be the date that an inmate delivers his or her complaint to a prison guard for mailing. See Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001).  "In the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing." Hardy v. Conway, 162 F. App'x 61, 62 (2d Cir. 2006) (summary order) (collecting cases). Here, the original complaint was signed on September 13, 2018, postmarked on September 17, 2018, and received by the Court on September 18, 2018. See Dkt. No. 1.  Accordingly, the undersigned concludes that the action was commenced on September 13, 2018. See id.

Court Judge Brenda K. Sannes construed that amended pleading to include certain parts of plaintiff's prior filings, see Dkt. No. 29 at 4 n.2,[6] and permitted the following claims to proceed: (1) an Eighth Amendment conditions-of-confinement claim against defendants Wells, Mayo, Coles, Dunn, Brown, and Banks; and (2) a First Amendment claim against defendants Thomas, Collins, and Donahue. See id. at 7.

Following service of the complaint, defendants filed a motion for, inter alia, summary judgment in which they requested the complete dismissal of the amended complaint on the ground that plaintiff failed to exhaust his available administrative remedies prior to commencement. See Dkt. No. 41. Plaintiff has not responded in opposition to the motion despite having been granted two extensions. See Dkt. Nos. 43-45.

## II. Discussion[7]

In his amended complaint, plaintiff alleges that defendants violated his rights arising under the First and Eighth Amendments to the U.S. Constitution. See generally Dkt. Nos. 5-1, 28. Defendants move pre-answer for the dismissal of the amended complaint, arguing that plaintiff failed to fully exhaust his administrative remedies prior to commencing the suit with the Court. See Dkt. No 41-5 at 7-10. Defendants argue, in

---

[6] In particular, Judge Sannes noted that plaintiff's amended complaint did "not contain a list of parties," and that "the defendants [we]re referenced in the body of the submission." Dkt. No. 29 at 4 n.2. In light of plaintiff's status as a pro se litigant, Judge Sannes deemed part of plaintiff's prior submission part of the operative amended pleading. See id. (citing Dkt. No. 28; Dkt. No. 5-1).

[7] Copies of all unreported decisions cited in this document have been appended for the convenience of the pro se plaintiff.

6

the alternative, that plaintiff's complaint must be dismissed due to his failure to state a

claim upon which relief can be granted.  See id. at 11-16.


### A.  Legal Standards

#### 1.  Legal Standard for Motions Pursuant to FED. R. CIV. P. 56

"A court shall grant summary judgment if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law."  FED. R. CIV. P. 56(a).  The moving party has the burden of showing the

absence of disputed material facts by providing the Court with portions of "pleadings,

depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any," which support the motion.  FED. R. CIV. P. 56(c); Celotex Corp. v.

Catrett, 477 U.S. 317, 323 (1986).  A fact is material if it may affect the outcome of the

case as determined by substantive law, such that "a reasonable jury could return a

verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

(1986).  "In determining whether summary judgment is appropriate, [the Court will]

resolve all ambiguities and draw all reasonable inferences against the moving party."

Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

To avoid summary judgment, a non-moving party "must do more than simply

show that there is some metaphysical doubt as to the material facts."  Carey v.

Crescenzi, 923 F.2d 18, 19 (2d Cir. 1991) (quoting Matsushita Elec. Indus. Co., Ltd. v.

Zenith Radio Corp., 475 U.S. 574, 586 (1986)) (internal quotation marks omitted).  A

non-moving party must support such assertions by evidence showing the existence of a

genuine issue of material fact.  Id.  "When no rational jury could find in favor of the non-

moving party because the evidence to support is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper."  Gallo v. Prudential Servs., Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994).

Where, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude.  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).  As the Second Circuit has stated

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude," . . . that a pro se litigant's submissions must be construed "liberally," . . . and that such submissions must be read to raise the strongest arguments that they "suggest," . . . .  At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, . . . or arguments that the submissions themselves do not "suggest," . . . that we should not "excuse frivolous or vexatious filings by pro se litigants," . . . and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law . . . .

Id. (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191-92 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds pro se, . . . a court is obligated to construe his pleadings liberally." (internal quotation marks and citations omitted)).

## 2.  Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust any administrative remedies available to him or her before bringing an action for claims arising out of his or her incarceration.  See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined

in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").  The exhaustion requirement applies "'to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'"  Cucchiara v. Dumont, No. 9:18-CV-0182 (GLS/CFH), 2019 WL 2516605, at *4 (N.D.N.Y. Apr. 26, 2019) (quoting Porter v. Nussle, 534 U.S. 516, 532 (2002)).  Further, the exhaustion requirement applies even where the prisoner seeks relief not available in the administrative grievance process, such as money damages.  See Porter, 534 U.S. at 524.  "To exhaust administrative remedies, the inmate must complete the full administrative review process set forth in the rules applicable to the correctional facility in which he or she is incarcerated."  Cuadrado v. Brueault, No. 9:14-CV-1293 (DNH/CFH), 2015 WL 1606178, at *3 (N.D.N.Y. Apr. 8, 2015); see Jones v. Bock, 549 U.S. 199, 218 (2007).

Here, at all relevant times, DOCCS had a three-step inmate grievance program in place.  See 7 N.Y. COMP. CODES R. & REGS. (7 N.Y.C.R.R.) § 701.5.  First, the inmate must file a complaint with an IGP clerk within 21 calendar days of the alleged incident.  See id. at § 701.5(a)(1).  An IGP representative has 16 calendar days to informally resolve the issue.  See id. at § 701.5(b)(1).  If no informal resolution occurs, the IGRC must hold a hearing within 16 calendar days of receipt of the grievance and must issue a written decision within two working days after the conclusion of the hearing.  See id. at § 701.5(b)(2)(i)-(ii).  If the determination is unfavorable to the inmate, the inmate may appeal the IGRC's determination to the facility superintendent within seven calendar days of receipt of the determination.  See id. at § 701.5(c)(1).  If the superintendent's

9

determination is unfavorable, the inmate may then appeal to the CORC within seven

days after receipt of the superintendent's determination.  See id. at § 701.5(d)(i).  CORC

must "review each appeal, render a decision on the grievance, and transmit its decision

to the facility, with reasons stated, for the [inmate], the grievance clerk, the

superintendent, and any direct parties within thirty (30) calendar days from the time the

appeal was received."  Id. at § 701.5(d)(3)(ii).


### B.  Application

In this case, defendants have met their burden of demonstrating that no genuine

issue of material fact exists concerning plaintiff's failure to exhaust his administrative

remedies.  The record before the Court demonstrates that although plaintiff filed two

grievances during his confinement at Marcy C.F., those two grievances did not cover

the breadth of the allegations that plaintiff set forth in this action.  Compare Dkt. No. 28;

Dkt. No. 5-1 (amended complaint) with Dkt. No. 41-3 at 10-15 (Grievance No. MCY-

23415-18) and 16-21 (Grievance No. MCY-23415-18).  In particular, plaintiff did not file

a grievance with respect to defendants' alleged denial of six meals over the course of

several days, the broken toilet in his cell, or the facility's failure to maintain copies of the

Five Percenter newspaper.  See Dkt. No. Dkt. No. 41-3 at 10-21.

With respect to the two grievances that plaintiff did file, the declarations of Ms.

Pfendler and Ms. Seguin—along with the exhibits annexed thereto—demonstrate that

Marcy C.F. does not have any record of plaintiff having filed an appeal to the facility

superintendent and that he did not file an appeal to the CORC  See Dkt. Nos. 41-2, 41-

3.  Accordingly, defendants have established that plaintiff failed to fully exhaust any grievance concerning the claims alleged in this suit.

The undersigned further notes that it appears that plaintiff prematurely commenced this action.  Plaintiff's first grievance was dated August 30, 2018 and stamped as having been received by the IGRC on September 5, 2018.  See Dkt. No. 41-3 at 13, 15.  Plaintiff's second grievance was dated September 5, 2018 and stamped as having been received by the IGRC on September 7, 2018.  See id. at 17, 21.  The applicable regulations provide that the IGRC has 16 calendar days to act upon an inmate's grievance at the first step of the IGP.  See 7 N.Y.C.R.R § 701.5.  Yet plaintiff commenced this action within that 16-day timeframe.  See Dkt. No. 1 (dated September 13, 2018).  Plaintiff could not possibly have fulfilled his three-step exhaustion requirement at the time he commenced the action with the Court.

In addition, there is nothing in the current record from which the undersigned could conclude that an exception to the exhaustion requirement applies.  As indicated by the declaration of Ms. Pfendler, Marcy C.F. had a "fully functional IGP available for inmates to file grievances" at all relevant times.  See Dkt. No. 41-3 at 2.  Accordingly, based on the foregoing, it is recommended that defendants' motion for summary judgment be granted on the ground that plaintiff has failed to exhaust administrative remedies and there is no evidence that the remedies were unavailable to him.

Where a claim is dismissed due to an inmate's failure to exhaust administrative remedies, dismissal without prejudice is appropriate if the time permitted for pursuing administrative remedies has not expired.  See Berry v. Kerik, 366 F.3d 85, 87-88 (2d Cir. 2004).  If, however, an inmate failed to exhaust available administrative remedies—

and the time in which to exhaust has expired—it is proper to dismiss the complaint with prejudice because any attempt to exhaust would be futile. See id. at 88; see also Richard, 2019 WL 5197041, at *9 ("Because [the p]laintiff's failure to exhaust is at this point incurable, the Court recommends that summary judgment for failure to exhaust administrative remedies be with prejudice.").  In this case, the incidents giving rise to plaintiff's complaints occurred during the time that he was confined to the Marcy C.F. from August 14, 2018 until October 30, 2018. See Dkt. No. 41-3 at 5, 8.  The time for plaintiff to exhaust administrative remedies with respect to any incident that arose during that period of confinement has long since expired.  Because plaintiff's failure to exhaust is incurable at this point, it is recommended that the amended complaint be dismissed in its entirety with prejudice. Richard, 2019 WL 5197041, at *9.  As a result of the foregoing recommendation, the undersigned declines to reach defendants' alternative argument for dismissal.

### III.  Conclusion

**WHEREFORE**, based on the findings set forth above, it is hereby:

**RECOMMENDED**, that defendants' motion for summary judgment (Dkt. No. 41) be **GRANTED**; and it is further

**RECOMMENDED**, that plaintiff's amended complaint (Dkt. No. 28) be **DISMISSED WITH PREJUDICE**, and it is further

**ORDERED**, that copies of this Report-Recommendation & Order be served on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.[8]

Dated: September 30, 2020
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[8] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(C).